**Modified and Affirmed and Opinion Filed October 16, 2024**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-00118-CR

**JAMES ANTHONY GUTIERREZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-81270-2021**

## MEMORANDUM OPINION
Before Justices Molberg, Breedlove, and Kennedy
Opinion by Justice Breedlove

Appellant was convicted of aggravated assault after a jury trial and sentenced by the trial court to life imprisonment. *See* TEX. PENAL CODE ANN. § 22.02(a)(1). In one issue, appellant argues that he was improperly charged costs of court. The State agrees with appellant that the trial court's judgment regarding costs of court were incorrect but disagrees with appellant's proposed modification. We conclude the State is correct and that the judgment should be modified to reflect the proper court costs. Accordingly, we affirm the trial court's judgment as modified.

## BACKGROUND[1]

On May 18, 2022, a jury found appellant guilty of aggravated assault with a deadly weapon. After a separate trial on punishment on the same day, the jury sentenced appellant to life imprisonment. The written judgment reflects that defendant pled "not guilty" to the offense and "true" to the enhancement paragraphs, that the jury found appellant guilty, found both enhancements to be true, and assessed a life sentence. The judgment also reflects a zero-dollar fine, and court costs of $365.58.

The trial court signed a certification of appellant's right to appeal, but an appeal was not filed before the deadline. Appellate counsel filed an application for writ of habeas corpus seeking an out of time appeal, which was joined by the State and supported by the trial court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07. The Court of Criminal Appeals granted relief, and mandate issued on February 8, 2023. Appellant timely filed his notice of appeal to this Court on the same day. *See* TEX. R. APP. P. 26.2(a).

## DISCUSSION

In his sole issue, appellant argues that he was improperly charged costs of court in this case and that the judgment should be modified to subtract $10.58 in reimbursement fees because appellant asserts that the record does not reflect any

---

[1] The facts of this case are well-known to the parties; therefore we include only those facts which are relevant to this appeal. *See* TEX. R. APP. P. 47.1.

subpoenas or returns on subpoenas. The State agrees that the costs were improper but disagrees with appellant's calculation, instead arguing that on $5.00 of the reimbursement fees should be subtracted. The Bill of Costs included with the judgment includes the following:

| Fee Description | Amount Assessed |
| --- | --- |
| **Court Costs** | |
| Clerk Fee | $40.00 |
| Court Technology Fund | $4.00 |
| Courthouse Security | $10.00 |
| Jury Trial | $1.00 |
| Records Management Fee – District Clerk | $25.00 |
| Specialty Court County Fee | $25.00 |
| Warrants | $50.00 |
| | |
| **Reimbursement Fees** | |
| Approving Bond by Sheriff | $10.00 |
| Mileage Cons #3 | $0.58 |
| Subpoena Service Cons #1 | $5.00 |
| Subpoena Service Cons #3 | $5.00 |
| Ticket or Arrest without Warrant | $5.00 |
| | |
| **Fines** | |
| Reimbursement Fees | $0.00 |
| | |
| **State Fees** | |
| Consolidated Court Costs – Felony (1.1.20) | $185.00 |
| | |
| **Total** | **$365.58** |

Appellate courts may modify a trial court's judgment and affirm it as modified. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). This Court "has the power to correct and reform the judgment of the court

below to make the record speak the truth when it has the necessary data and information to do so." *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, writ ref'd). Appellate courts may reform trial court judgments where "the evidence necessary to correct the judgment appears in the record." *Id.*

Here, the record reflects that the State filed numerous applications for the issuance of subpoenas, and that the docket sheet indicates that all of the applications were "Issued." However, the record only shows that one subpoena was served, a subpoena for Medical City Plano served on June 29, 2021. The record also contains evidence that a constable from Precinct 3 served a subpoena on Medical City Plano. This evidence supports the $5.00 "Subpoena Service Cons #3" fee and the $0.58 "Mileage Cons #3" fee. We overrule appellant's issue as to those fees. However, there is no evidence in the record to support the service of a second subpoena; therefore, we agree with both appellant and State that the "Subpoena Service Cons #1" fee should be removed. We sustain appellant's issue as to that fee and modify the judgment to reflect $360.58 in total court costs.

## CONCLUSION

We affirm the trial court's judgment as modified.

230118f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE

–4–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JAMES ANTHONY GUTIERREZ, Appellant

No. 05-23-00118-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas Trial Court Cause No. 366-81270-2021.
Opinion delivered by Justice Breedlove. Justices Molberg and Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Replace "$365.58" under "Court Costs" with "$360.58".

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 16th day of October, 2024.